# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Norma Jarvis,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0097** (Clay County 18-CAP-16)

**Lena Bishop,**
**Plaintiff Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Norma Jarvis, self-represented, appeals the February 13, 2019, amended order of the Circuit Court of Clay County awarding judgment to Respondent Lena Bishop in the amount of $1,292, plus court costs, following a trial de novo. Respondent, self-represented, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent is petitioner's brother's girlfriend. In October of 2017, petitioner's vehicle became disabled in an accident. Shortly thereafter, respondent obtained a loan from Clay County Bank to purchase a 1991 Chevrolet Lumina ("Lumina") for petitioner's use. Petitioner states that respondent gave her the Lumina but that she informed respondent she would pay respondent one-half of the loan amount. According to respondent, the parties agreed that petitioner would repay respondent the full amount of the loan, including an additional $100 respondent borrowed to allow petitioner to have the Lumina's title transferred from its previous owners into petitioner's name.[1] At the time petitioner stopped making payments to respondent in August of 2018, respondent states that petitioner still owed her $1,292.

---

[1]The full amount of the loan is not disclosed in the appellate record.

1

Subsequently, respondent filed a civil action in the Magistrate Court of Clay County against petitioner for the $1,292. Following a bench trial, the magistrate court entered judgment in respondent's favor in the amount of $1,292, plus court costs. Petitioner appealed to the Circuit Court of Clay County, which held a trial de novo on January 7, 2019. At the beginning of trial, petitioner and respondent were sworn. The circuit court further heard the sworn testimony of two of petitioner's sisters, each of whom testified that the parties agreed that petitioner would repay respondent the full amount of the loan. There was also testimony that petitioner stopped making payments to respondent following a family dispute in August of 2018. Given that petitioner's sisters testified in support of respondent's position that petitioner still owed respondent $1,292, the circuit court found that petitioner's testimony, that either the vehicle was a gift or she agreed to pay respondent only one-half of the loan amount, was not credible. Accordingly, by amended order entered on February 13, 2019, the circuit court awarded judgment in respondent's favor in the amount of $1,292, plus court costs.

Petitioner now appeals the circuit court's amended order awarding respondent $1,292, plus court costs. We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, the parties each argue that her respective testimony regarding the vehicle's purchase was truthful. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Here, based on our review of the January 7, 2019, trial transcript, we find no cause to disturb the circuit court's finding that petitioner's testimony was not credible. Therefore, we conclude that the circuit court did not abuse its discretion in awarding judgment in respondent's favor in the amount of $1,292, plus court costs.

For the foregoing reasons, we affirm the circuit court's February 13, 2019, amended order awarding judgment to respondent.

Affirmed.

**ISSUED:** June 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison